Entered: June 11, 2007
Signed: June 08, 2007
**SO ORDERED**
Case 05-09227    Doc 92    Filed 06/11/07    Page 1 of 10



WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| ELIZABETH NUTASE, | * | Case No. 05-21747-WIL |
| | | Chapter 13 |
| Debtor. | * | |
| * * * * * * * * * * * * * | | |
| ELIZABETH NUTASE, and DANIEL NUTASE, | * | |
| | * | |
| Plaintiffs, | * | |
| v. | | Adv. No. 05-9227-WIL |
| | * | |
| EASTERN SAVINGS BANK, FSB, | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * | | |

**MEMORANDUM OF DECISION IN SUPPORT OF ORDER
GRANTING, IN PART, DEFENDANT'S RENEWED
MOTION [69] FOR SUMMARY JUDGMENT, AND DENYING,
IN PART, PLAINTIFFS' MOTION [28] FOR SUMMARY JUDGMENT**

Before the Court is the Renewed Motion [69] for Summary Judgment (the "Motion"),

filed by Eastern Savings Bank, FSB (the "Defendant"), on February 21, 2007, the Response [73]

of Elizabeth and Daniel Nutase (the "Plaintiffs"), filed on March 19, 2007, and the Plaintiff's

Reply Memorandum [77], filed on March 29, 2007. A hearing was held on this matter on May 11, 2007. For the reasons set forth below, the Court will grant the Motion, in part.

## Standard for Granting Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure (made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure) provides:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. Proc. 56(c).

The Rule further provides:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment *if appropriate*, shall be entered against the adverse party."

Fed. R. Civ. Proc. 56(e) (emphasis added).

One of the principal purposes of summary judgment is to isolate and dispose of all factually unsupported claims or defenses. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). To that end, the Court considers all evidence in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986) (all justifiable inferences are drawn in the nonmovant's favor). The mere existence of an alleged factual dispute does not defeat a motion for summary judgment; rather the standard requires that there be no genuine issue of *material* fact. *Id*. at 247-48. Only disputes over the facts that might affect the outcome of the lawsuit under applicable law will preclude entry of summary judgment.

*Id.* Therefore, once a motion for summary judgment is made and supported as provided in the Rule, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. Proc. 56(e). The nonmovant may rely on any evidentiary materials listed in Rule 56(c), except the motions themselves. *Celotex,* 477 U.S. at 325. If reasonable minds could differ as to the import of the evidence, summary judgment should not be granted. *Liberty Lobby, Inc.*, 477 U.S. at 248.

The Court notes that the Plaintiffs' Motion [28] for Summary Judgment, although pending, was not before it at the hearing on May 11, 2007. However, in that motion the Plaintiffs raise the same issue as the Defendant does regarding whether they timely exercised their right to rescind under the "three-day rule" of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq.*, which is further discussed below. The Court is ruling on that limited issue in both motions and will defer the remaining issues for further proceedings in accordance with the agreement of the parties and the Scheduling Order [88] entered on May 17, 2007.

## **Background**

On December 30, 2005, the Plaintiffs filed an Objection to Claim and Complaint against the Defendant. On March 6, 2006, they filed an Amended Objection to Claim and Complaint. On August 4, 2006, the Defendant filed a Motion [24] for Summary Judgment. On August 18, 2006, the Plaintiffs filed their Motion [28] for Summary Judgment. A hearing on these motions was scheduled for October 27, 2006. On the morning of the hearing, the Plaintiffs filed a Motion [55] to Amend Complaint, which was granted.

On November 3, 2006, the Plaintiffs filed their Second Amended Objection to Claim and Complaint [57] (the "Second Amended Complaint"). On November 14, 2006, the Defendant

filed its Answer [60]. On February 21, 2007, the Defendant filed the instant Motion. A hearing on this matter was held on May 11, 2007. At the hearing, the Court, by agreement of the parties, heard argument on part of Count I of the Second Amended Complaint dealing with whether the Plaintiffs timely exercised their three-day right of rescission, and issued a new Scheduling Order [88] for further discovery and proceedings on the remaining issues.

There are many material facts in dispute that preclude granting the Defendant's Motion in its entirety at this time. However, in the interests of judicial economy and by agreement of the parties, this Court will rule on a discrete but significant issue raised in Count I of the Second Amended Complaint that is ripe for summary judgment. Accordingly, this Memorandum of Decision is limited to the portion of Count I that deals with whether the Plaintiffs properly and timely exercised their right to rescind within three days of consummation of the loan pursuant to 15 U.S.C. §1635(a), and if not, wether the delay of performance rule extends the right of rescission period under the facts of this case.

The undisputed facts relevant to this latter portion of Count I are straightforward: on January 5, 2005, the Plaintiffs refinanced their mortgage on real property located at 12135 Turnstone Court, Silver Spring, Maryland. In connection with the refinancing, the Plaintiffs signed a Note and a Deed of Trust. On this date, they also signed a Settlement Statement, or HUD-1 and they signed a Notice of Right to Cancel. The Notice of Right to Cancel clearly stated, in relevant part:

> "**YOUR RIGHT TO CANCEL**
>
> You are entering into a transaction that will result in a mortgage/ lien/security interest on/in your home. You have a legal right under federal

law to cancel this transaction, without cost, within THREE BUSINESS DAYS
from whichever of the following events occurs last:

>    (1)    The date of the transaction, which is 1/05/05; or
>    (2)    The date you received your Truth in Lending disclosures; or
>    (3)    The date you received this notice of your right to cancel."

*See* Notice of Right to Cancel, Defendant's Motion for
Summary Judgment [24], Exhibit B, incorporated into the instant Motion.

The Notice also stated:

> "If you cancel by mail or telegram, you must send the notice no
> later than MIDNIGHT of Saturday 1/08/05 (or MIDNIGHT of the THIRD
> BUSINESS DAY following the latest of the three events listed above.  If
> you send or deliver your written notice to cancel some other way, it must be
> delivered to the above address no later than that time."

*Id*.

On January 10, 2005, at 5:18 p.m., the Plaintiffs sent to the Defendant, by facsimile, a handwritten notice that they wished to cancel the above transaction "for personal reasons," and a signed Notice of the Right to Cancel, which they dated January 8, 2005.  On January 10, 2005, the Plaintiffs also sent the same materials by Federal Express overnight delivery.  The Defendant received the overnight package on January 11, 2005.

## Discussion

TILA provides the consumer with a cooling-off period of three days to allow rescission for any reason.  The rescission provision at issue in this case is as follows:

> "Except as otherwise provided in this section, the case of any consumer
> credit transaction (including opening or increasing the credit limit for an open
> end credit plan) in which a security interest, including any such interest arising
> by operation of law, is or will be retained or acquired in any property which is
> used as the principal dwelling of the person to whom credit is extended, the
> obligor shall have the right to rescind the transaction until midnight of the third
> business day following the consummation of the transaction or the delivery of

> the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.  The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.  The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section."

15 U.S.C. § 1635(a); *see also* 12 C.F.R. §226.23(a) (known as Regulation Z).

The notice given must be clear and conspicuous.  *Id*. at §§226.15(b), 226.23(b)(1).  Consummation occurs when the consumer becomes contractually obligated on the credit transaction.  *Id*. at §226.2(a)(13).  A consumer becomes contractually obligated when he signs the contract or loan papers.  *See also Gibson v. Ltd., Inc.*, 434 F. 3d 275, 283 (4th Cir. 2006) (contracts were consummated for purposes of TILA when the consumer signed them).  The term "business day," for purposes of rescission, includes Saturday.  Reg. Z §226.2(a)(6).  Notice is considered given to the creditor when mailed if sent by mail, when filed if sent by telegram, or if by other means, when the creditor receives delivery of the notice at its designated place of business.  *Id*. at §226.15(a)(2).  The lender is required to delay performance for a reasonable time after expiration of the rescission period to allow for delivery of a mailed notice of rescission.  *Id*. at  §226.23(c).

The three-day right of rescission might be extended in situations where the notice given is rendered unclear or ambiguous.  *See e.g.*, *Rodash v. AIB Mortg. Co*., 16 F. 3d 1142 (11th Cir. 1994) (obtaining a statement of election not to cancel by a consumer before the deadline expires violated TILA); *Williams v. Empire Funding Corp.*, 109 F. Supp. 2d 352 (E.D. Pa. 2000) (notice violated TILA because it contained information about a one-day right to rescind under state law as well as TILA's three-day right); *Jenkins v. Landmark Mortg. Corp.*, 696 F. Supp. 1089 (W.D.

Va. 1988) (supplemental statements by lender's lawyer that contained inaccurate and contradictory information about a consumer's rescission rights violated TILA and extended the three-day right to three years); *Apgar v. Homeside Lending, Inc. (In re Apgar)*, 291 B.R. 665 (Bankr. E.D. Pa. 2003) (notice addressed only to the consumer's husband violated TILA).

There is no dispute in the present case that the three-day notice was properly given to the Plaintiffs nor that notice was unambiguous on its face or rendered unambiguous by some action of the Defendant after the notice was given. The Plaintiffs signed their loan documents on January 5, 2005. On that date they received their Notice of Right to Cancel. The Notice of Right to Cancel clearly set out their right to cancel the transaction, the deadline to do so (midnight of January 8, 2005), and how and where to send it to the Defendant if they chose to exercise their right. Consummation of the transaction occurred on January 5, 2005. The three-day deadline to rescind for any reason expired on midnight of January 8, 2005. The Plaintiffs did not notify the Defendant, in writing, as required, until January 10, 2005. Even if the facsimile sent on the 10th qualifies as "other means of written communication," which the Court needs not decide, on the 10th, the Plaintiffs were too late.

However, the Plaintiffs argued that their three-day rescission period was extended by the Defendant's failure to wait until it would have received a timely notice of rescission in the mail pursuant to Reg. Z. §226.23(c). They argued that the Defendant did not wait a reasonable time when it disbursed funds from the refinance on January 10, 2005, and had the Defendant waited until the next day, it would have received the overnight package containing their written notice of rescission. According to the Plaintiff, this failure to wait was a violation of TILA that entitles the Plaintiffs to rescind. The Plaintiffs cite no authority in support of their argument that the

three-day deadline, once it expired, was somehow revived or extended by the Defendant's failure to wait one more day before disbursing the proceeds. The Plaintiffs, in effect, ask this Court to find that the Defendant's failure to delay performance is a *per se* violation of TILA that extends the right to rescind beyond the three-day right of rescission period.

Such an interpretation begins with analysis of the plain meaning of the language of the statute in question. *In re Coleman*, 426 F. 3f 7198, 724-25 (4th Cir. 2005). If the language is plain and the statutory scheme is coherent and consistent, the inquiry ends. *Id*. (internal citations omitted). Courts should look beyond the plain meaning only if there is a clearly expressed and unmistakable legislative intent to the contrary or where literal application would thwart its obvious purpose or produce an absurd result. *Chesapeake Ranch Water Co. v. Bd. Of Cmor's of Calvert County*, 401 F. 2d 274, 280 (4th Cir. 2005). With respect to TILA, while the statute is remedial in nature and "should be construed liberally in favor of the consumer," the court may not ignore the "law's clear and unambiguous terms or to refrain from enforcing them in accordance with their plain meaning." *Mourer v. Equicredit Corp. of America (In re Mourer)*, 309 B.R. 502, 505 (D. W.D. Mich. 2004). The plain reading of TILA is that a consumer is given three business days to rescind the transaction for any reason. The lender's failure to delay performance is of no consequence if the right to rescind has expired and the lender has not acted in such a way as to thwart the consumer's right to rescind. The delay of performance is intended to prevent the lender from taking action within the three-day period such that the lender negates the notice of the consumer's right to rescind. The delay also allows the lender to be sure the consumer has not rescinded, but it does not automatically extend that period without some misconduct by the lender. The Plaintiffs have not cited any authority, nor has this Court found

any in its own research, where the lender has not taken any action to negate the consumer's three-day right of rescission and the consumer failed to timely rescind, yet seeks to extend the three-day period in the manner the Plaintiffs do here.  Moreover, the Third Circuit, in *Smith v. Fidelity Consumer Discount Co.*, found that a failure to delay performance is not a *per se* violation of TILA that would warrant extending the three-day right of rescission in every case. *Smith v. Fidelity Consumer Discount Co.*, 898 F. 2d 896, 904-05 (3d Cir. 1989); *see also Mourer*, 309 B.R. at 506 (consumers did not rescind within three days after receipt of the disclosures, therefore the right expired).  In *Smith*, the Third Circuit distinguished between a violation of Reg. Z §226.23(b) and §226.23(c).  That court found that:

> "The premature performance in this case, while a violation of §226.23(c), is most certainly not a violation of §226.23(b).  The two subsections, while adjacent in the C.F.R., are separate with a violation of only §226.23(b) extending the rescissory period."

*Smith*, 898 F. 3d at 905.

In this case, the three-day right of rescission expired at 11:59 p.m. on January 8, 2005 and was not revived by a tardy notification of rescission even if potentially received by the Defendant within the time frame that a timely rescission might have been received.  Under the facts of this case, had the Defendant delayed performance until the Notice of Right to Cancel was received, it would not have been required to honor the rescission because it was not sent timely.[1]  This Court declines to adopt a *per se* rule and agrees with the view of the Third Circuit that a violation of the delay of performance rule is not a *per se* violation warranting an extension

---

[1] For purposes of this Motion, the Court has only considered whether the alleged violation of the delay of performance ruled triggered an extension of the three-day right of rescission, and not whether it would give rise to any statutory violation.

of the three-day right to rescind.  Under the facts of this case, the Plaintiffs have not alleged any misconduct by the Defendant during the three-day period that negated the Notice of Right to Cancel.  Rather, the Plaintiffs failed to timely exercise their three-day right of rescission.

The Plaintiffs have alleged other violations of TILA, that if established at trial, may entitle them to rescind the transaction.  However, there are no material facts in dispute about the Plaintiffs' failure to exercise their right to rescind within the three-day deadline.  The Defendant is entitled to summary judgment as a matter of law on that point.  A separate Order will issue.


cc:     Plaintiffs
        Counsel for Plaintiffs - Robert Haeger, Esq.
        Defendant
        Counsel for Defendant - J. Preston Turner, Esq.
        Chapter 13 Trustee
        U.S. Trustee